NINA M. WORTHINGTON ET AL., PLAINTIFFS, v. CHARLES CLARK ET AL., DEFENDANTS.

Submitted May term, 1931—Decided September 29, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, McCarter & English.

Contra, Morrison, Lloyd & Morrison.

PER CURIAM.

The action was for personal injuries, &c., resulting from a collision of motor cars, operated on a public highway.

One of the cars was owned by the plaintiff Henry A. Worthington, and was being operated by his wife, Nina M. Worthington, and they had as an invitee occupant, Sarah E. Beyer, the wife of another of the plaintiffs, Arthur Roy Beyer. The other car was owned by the estate of John Vermuelin, deceased, hired to Jacob Olthius, a funeral director and was driven by the defendant Clark, who was employed for that purpose by the owner of the car.

Verdicts were rendered against the estate of Vermuelin and Clark in favor of the several plaintiffs as follows:

| | |
|---|---:|
| Nina M. Worthington | $3,000 |
| Henry A. Worthington | 1,000 |
| Sarah E. Beyer | 100 |
| Arthur R. Beyer | 100 |

The first reason urged why these verdicts should be set aside is that the trial court erred in instructing the jury that if they found that the sole proximate cause of the happening was the negligence of the driver, Clark, then there should be verdicts not only against him but against the estate of Vermuelin, the owner of the car operated by him. The contention is that although Clark admittedly was the employe and servant of the Vermuelin estate, owner of the car, at least a jury question was raised as to whether or not he was not the servant for the time being of Olthius, the funeral director to whom the car had been rented. We do not find the proofs go in this direction and conclude, therefore, that there was no error in the instruction complained of.

Next, it is urged that the verdicts are against the weight of the evidence.

Upon this point we conclude to the contrary.

Next, that the verdict in favor of Nina M. Worthington is excessive.

As to this we reach a contrary result.

Finally, that the court erred in instructing the jury respecting the damages of Nina M. Worthington in that the court erroneously stated that she had testified that before the accident she was well when, as a matter of fact, there was no such proof.

In fact there was no such direct proof. There was proof by both her and her husband that prior to the happening she was able to do practically all her housework. Further than this, the trial court corrected any error, if one there was, in such statement by admonishing the jury that if he misstated any evidence they were not bound by his statements and that they were the sole judges of the facts.

We conclude that the rule to show cause should be discharged, with costs.